UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
-----------------------------------------------------------------X
CHERYL LAPAN, MICHELLE SHUTT, and
VICKY MONTANEZ, individually and on behalf of
all other persons similarly situated,

                              Plaintiffs,

               -against-

DICK'S SPORTING GOODS, INC.,

                             Defendant.
-----------------------------------------------------------------X

CIVIL ACTION

Case No.: 1:13-cv-11390

COLLECTIVE ACTION
COMPLAINT

JURY TRIAL DEMANDED

Plaintiffs, CHERYL LAPAN, MICHELLE SHUTT, and VICKY MONTANEZ (collectively "Plaintiffs"), individually and on behalf of all other persons similarly situated, by their attorneys, upon personal knowledge as to themselves, and upon information and belief as to other matters, allege as follows:

1. This action is brought on behalf of Assistant Store Managers in the specific job positions of Hardlines Managers, Sales Support Managers, and Softlines Managers (collectively referred to, as they are referred to within the company, as "Assistant Store Managers" or "ASMs" herein), and individuals holding comparable salaried positions with different titles employed by Dick's Sporting Goods, Inc. ("Dick's" or "Defendant") within the United States.

2. Dick's is a multistate sporting goods retail store chain selling brand name sporting goods equipment, apparel and footwear. Dick's has misclassified Plaintiffs and other similarly situated employees as exempt under federal overtime laws and failed to pay them for all hours worked by them as well as overtime pay for hours above 40 in a workweek.

1

## NATURE OF THE ACTION

3. Plaintiffs alleges on behalf of themselves and other current and former Assistant Store Managers, as defined herein, employed by Defendant within the United States, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) (the "Collective Action Class"), that they are: (i) entitled to unpaid wages from Defendant for all hours worked by them as well as for overtime work for which they did not receive overtime premium pay, as required by law, (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*; and (iii) declaratory relief that the ASMs were not properly classified as exempt.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216 and 28 U.S.C. § 1331.

5. At least one member of the proposed Collective Action Class is a citizen of a state different from that of at least one Defendant.

6. Plaintiffs' claims involve matters of national or interstate interest.

7. Defendant is subject to personal jurisdiction in Massachusetts.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391 inasmuch as a substantial part of the events or omissions giving rise to the claims occurred in this District and because one of the Plaintiffs reside in this District.

9. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

10. Plaintiff, CHERYL LAPAN ("Lapan"), is an adult individual residing in East Wareham, Massachusetts.

11. Defendant employed Lapan as an ASM from approximately October 2005 until May 2011 at Defendant's stores located in Massachusetts.

12. Plaintiff, MICHELLE SHUTT ("Shutt"), is an adult individual residing in Bellefonte, Pennsylvania.

13. Defendant employed Shutt as an ASM from approximately June 2005 until August 2010 at one of Defendant's stores located in State College, Pennsylvania.

14. Plaintiff, VICKY MONTANEZ ("Montanez"), is an adult individual residing in Albany, Georgia.

15. Defendant employed Montanez as an ASM from approximately October 2007 until November 2011 at one of Defendant's stores located in Georgia.

16. Plaintiffs worked in excess of forty (40) hours per workweek, pursuant to the policy and practice of the Defendant without receiving wages from the Defendant for all hours worked, as well as overtime premium compensation as required by federal laws.

17. Defendant is a foreign corporation, with its principal executive offices located at 345 Court Street, Coraopolis, Pennsylvania 15108. According to Defendant's Form 10-K for the fiscal year ending on February 2, 2013, Defendant operates 518 stores in 44 states, including the stores at which Plaintiffs worked and Defendant maintains control, oversight, and discretion over the operation of its retail stores, including their employment practices.

18. Defendant is a covered employer within the meaning of the FLSA.

19. Upon information and belief, Defendant has had gross revenues exceeding $500,000.00 for all relevant periods herein.

## COLLECTIVE ACTION ALLEGATIONS

20. Pursuant to 29 U.S.C. § 216(b), Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendant in the United States at any time since June 10, 2010 to the entry of judgment in this case (the "Collective Action Period") as Hardlines Managers, Sales Support Managers, and Softlines Managers), and individuals holding comparable salaried positions with different titles employed by Dick's within the United States (the "Collective Action Members").

21. Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and other ASMs.

22. There are many similarly situated current and former Dick's assistant store managers who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. Thus, Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

23. Those similarly situated employees are known to Defendant, are readily identifiable and can be located though Defendant's records.

## STATEMENT OF FACTS

24. Defendant employed Plaintiffs and the Collective Action Members as ASMs.

25. Defendant maintains control, oversight, and discretion over the operation of its retail stores, including their employment practices with respect to the Plaintiffs and the Collective Action Members.

26. Plaintiffs' and the Collective Action Members' work as ASMs was performed in the normal course of Defendant's business and was integrated into it.

27. Consistent with Defendant's policy, pattern, and/or practice, Plaintiffs and the Collective Action Members regularly worked in excess of forty hours per workweek without being paid overtime wages, in violation of the FLSA.

28. Defendant assigned all of the work that the Plaintiffs and the Collective Action Members performed, and/or has been aware of it.

29. This work required little skill and no capital investment. Nor did it include managerial responsibilities or the exercise of meaningful independent judgment and discretion.

30. Throughout the Collective Action Period, the Plaintiffs and the Collective Action Members performed the same primary job duties including, but not limited to:

   a. Garbage;
   b. Cleaning;
   c. Stocking displays, tables, racks, and shelves;
   d. Folding clothes;
   e. Building displays;
   f. Unloading freight;
   g. Unpacking boxes;
   h. Running cash registers;
   i. Putting merchandise onto the sales floor;
   j. Neatening displays, tables, racks, and shelves;
   k. Recovering store;

    l. Changing prices;

    m. Collecting carts and baskets;

    n. Providing customer service; and

    o. Putting up signs.

31. Throughout the Collective Action Period, the Plaintiffs' and the Collective Action Members' primary job duties did not include:

    a. Hiring;

    b. Firing;

    c. Disciplining;

    d. Supervising and delegating; and

    e. Exercising meaningful independent judgment and discretion.

32. The Plaintiffs' and Collective Action Members' primary duties were manual in nature. The performance of manual labor duties occupied the majority of their working hours.

33. Pursuant to its centralized, company-wide policy, pattern or practice, Defendant classified the Plaintiffs and the Collective Action Members, and other similarly situated current and former employees holding comparable positions but different titles, as exempt from coverage of the overtime provisions of the FLSA.

34. Upon information and belief, Defendant did not perform a person-by-person analysis of the Plaintiffs' and the Collective Action Members' job duties when making the decision to classify them, and other similarly situated current and former employees holding comparable positions but different titles, as exempt from the FLSA's overtime protections.

35. Upon information and belief, Defendant's unlawful conduct was and is pursuant to its centralized, company-wide policy, pattern, or practice of attempting to minimize labor costs by violating the FLSA.

36. As part of its regular business practice, Defendant intentionally, willfully, and repeatedly engaged in a pattern, practice, or policy of violating the FLSA with respect to the Plaintiffs and the Collective Action Members. This policy and pattern or practice includes, but it is not limited to:

    a. willfully misclassifying the Plaintiffs and the Collective Action Members as exempt from the overtime requirements of the FLSA; and

    b. willfully failing to pay the Plaintiffs and the Collective Action Members overtime wages for hours that they worked in excess of 40 hours per workweek.

37. Defendant is aware or should have been aware that the FLSA required it to pay employees performing non-exempt duties an overtime premium for hours worked in excess of 40 per workweek.

38. Defendant's failure to pay overtime wages for work performed by the Plaintiffs and the Collective Action Members in excess of 40 hours per week was willful.

39. During the course of the Collective Action Period and continuing to the present, Defendant failed to maintain accurate and sufficient time records for the Plaintiffs and the Collective Action Members.

40. During the course of the Collective Action Period, Defendant failed to post or keep posted a notice explaining the minimum wage and overtime wages, as provided under the FLSA.

### FIRST CLAIM FOR RELIEF: FAIR LABOR STANDARDS ACT

41. Plaintiffs, on behalf of themselves and all Collective Action Members, realleges and incorporates by reference paragraphs 1 through 40 as if they were set forth again herein.

42. At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

43. At all relevant times, Defendant employed Plaintiffs, and employed or continue to employ, each of the Collective Action Members within the meaning of the FLSA.

44. Plaintiffs consent in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

45. At all relevant times and continuing to the present time, Defendant had a policy and practice of refusing to pay for all hours worked, as well as pay overtime compensation to their ASMs and similarly situated employees in comparable positions but having different titles, for hours worked in excess of forty hours per workweek.

46. As a result of Defendant's willful failure to compensate their employees, including Plaintiffs and the Collective Action members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, as well as for all hours worked by them, Defendant has violated and, continues

to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

47. As a result of Defendant's failure to record, report, credit and/or properly compensate their employees, including Plaintiffs and the Collective Action members, Defendant has failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

48. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

49. As a result of Defendant's FLSA violations, Plaintiffs, on behalf of themselves and the Collective Action Members, are entitled (a) to recover from Defendant their unpaid wages for all of the hours worked by them, as overtime compensation, (b) to recover additional, equal amount as liquidated damages Defendant's willful violations of the FLSA, and (c) to recover their unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs seeks the following relief on behalf of themselves and all others similarly situated and seeks an order or orders providing the following relief:

a. Designation of this action as an FLSA collective action on behalf of Plaintiffs and the Collective Action Class and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the Collective Action Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this

action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

      b.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

      c.     An award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay due under the FLSA;

      d.     An award of liquidated and/or punitive damages as a result of Dick's willful failure to pay for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay pursuant to 29 U.S.C. § 216;

      e.     An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

      f.     An award of prejudgment and post-judgment interest;

      g.     An award of costs and expenses of this action together with reasonable attorneys' and expert fees and an award of a service payment to the Plaintiffs;

      h.     Such other and further relief as this Court deems just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated: Rye Brook, New York
       June 10, 2013

                                By: /s Fran L. Rudich
                                Fran L. Rudich
                                Seth R. Lesser*
                                Jeffrey A. Klafter*
                                Michael J. Palitz*
                                Rachel E. Berlin*
                                KLAFTER OLSEN & LESSER LLP

Two International Drive, Suite 350
Rye Brook, New York 10573
Telephone: (914) 934-9200
Facsimile: (914) 934-9220
www.klafterolsen.com

Marc S. Hepworth*
Charles Gershbaum*
David A. Roth*
Mathew A. Parker*
HEPWORTH, GERSHBAUM & ROTH, PLLC
192 Lexington Avenue, Suite 802
New York, New York 10016
Telephone: (212) 545-1199
Facsimile: (212) 532-3801

*Pro hac motion to be submitted

**ATTORNEYS FOR PLAINTIFFS**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. **Title of case (name of first party on each side only)** _____
   _____

2. **Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).**

   ___  I.   410, 441, 470, 535, 830*, 891, 893, 895, R.23, REGARDLESS OF NATURE OF SUIT.

   ___  II.  110, 130, 140, 160, 190, 196, 230, 240, 290,320,362, 370, 371, 380, 430, 440, 442, 443, 445, 446, 448, 710, 720, 740, 790, 820*, 840*, 850, 870, 871.

   ___  III. 120, 150, 151, 152, 153, 195, 210, 220, 245, 310, 315, 330, 340, 345, 350, 355, 360, 365, 367, 368, 375, 385, 400, 422, 423, 450, 460, 462, 463, 465, 480, 490, 510, 530, 540, 550, 555, 625, 690, 751, 791, 861-865, 890, 896, 899, 950.

   *Also complete AO 120 or AO 121. for patent, trademark or copyright cases.

3. **Title and number, if any, of related cases.  (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.**
   _____

4. **Has a prior action between the same parties and based on the same claim ever been filed in this court?**

   YES ☐    NO ☐

5. **Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)**

   YES ☐    NO ☐

   **If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?**

   YES ☐    NO ☐

6. **Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?**

   YES ☐    NO ☐

7. **Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).**

   YES ☐    NO ☐

   A.  **If yes, in which division do all of the non-governmental parties reside?**

   Eastern Division ☐    Central Division ☐    Western Division ☐

   B.  **If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?**

   Eastern Division ☐    Central Division ☐    Western Division ☐

8. **If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)**

   YES ☐    NO ☐

**(PLEASE TYPE OR PRINT)**
**ATTORNEY'S NAME** _____
**ADDRESS** _____
**TELEPHONE NO.** _____

**(CategoryForm12-2011.wpd  - 12/2011)**