UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-11390-RGS

CHERYL LAPAN

v.

DICK'S SPORTING GOODS, INC.

MEMORANDUM AND ORDER ON PLAINTIFFS' MOTION FOR
CONDITIONAL CLASS CERTIFICATION AND NOTICE AND
DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT

August 20, 2014

STEARNS, J.

This is a Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219, case in which plaintiffs Cheryl Lapan and Michelle Shutt[1] allege that they, and all other "Assistant Store Managers" (ASMs) employed by defendant Dick's Sporting Goods, Inc. (DSG), have been, and continue to be, improperly classified as exempt employees by DSG, which failed to pay them for all hours worked and failed to pay overtime.[2] The court heard a spirited oral

---

[1] A third original named plaintiff, Victoria Montanez, was dismissed from the case, and her claims are no longer at issue. Six other individuals have since 'opted-in' with consents to sue and have filed affidavits along with plaintiffs' motion.

[2] Plaintiff Michelle Shutt also brought Massachusetts State law claims under Mass. Gen. Laws ch. 149 §§ 148 and 150, and Mass. Gen. Laws ch. 151 §§ 1A and 1B. LaPan originally plead State claims as well, but has since

argument on June 2, 2014, in which experienced counsel focused on the propriety of conditionally certifying a nationwide class of ASMs.

After careful consideration, the court sees no reason to blaze new trails or to revisit the two-tier approach laid out by Judge Young in *Trezvant v. Fid. Empl. Servs. Corp.,* 434 F. Supp. 2d 40 (D. Mass. 2006). Judge Young explained that, in taking this two-tier approach, "the court makes an initial determination of whether the potential class should receive notice of the pending action and then later, after discovery is complete, the court makes a final 'similarly situated' determination." *Id.* at 42, citing *Kane v. Gage Merch. Servs., Inc.,* 138 F. Supp. 2d 212, 214 (D. Mass. 2001) (Gorton, J.). This is in contrast to an approach that applies the standards of Fed. R. Civ. P. 23 (numerosity, commonality, typicality, and adequacy of representation) when determining whether to order notice to a potential class. As Judge Young noted, his recommended course of proceeding was the one then preferred by a majority of federal courts. It has further support in this district, *see O'Donnell v. Robert Half Int'l, Inc.,* 429 F. Supp. 2d 246 (D. Mass. 2006) (Gorton, J.), and outside, *see Myers v. Hertz Corp.,* 624 F.3d 537, 554-555 (2d Cir. 2010). Consequently, the court will ALLOW

---

conceded that the statute of limitations (she did not work at DSG within the past two years) bars her from going forward on these claims.

plaintiffs' motion for conditional class certification.  The court directs the parties to file a joint proposal (to the extent agreement is possible) by September 3, 2014, for a form and mechanism of notice to putative class members and a procedure for adopting those who timely elect to opt-in.

Defendant's motions for summary judgment are <u>DENIED</u> without prejudice as premature.  Plaintiffs' motion to strike is <u>DENIED</u> as moot.

                SO ORDERED.

                <u>/s/ Richard G. Stearns</u>
                UNITED STATES DISTRICT JUDGE