UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

**CHERYL LAPAN, MICHELLE SHUTT, AARON WILLIAMS, ANA TOTH, JOHN BOUCHARD, and PATRICK KACZMARCZYK, individually and on behalf of all other persons similarly situated,**

                            **Plaintiffs,**

v.

                                                    Case No.: 1:13-cv-11390-R

**DICK'S SPORTING GOODS, INC.,**

                            **Defendants.**
_____

**ORDER GRANTING THE PARTIES' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASSES, APPOINTMENT OF CLASS COUNSEL, AND APPROVAL OF THE PROPOSED NOTICE OF SETTLEMENT AND CLASS ACTION PROCEDURE**

The above-entitled matter came before the Court on the parties' Motion for Preliminary Approval, Conditional Certification of the Settlement Classes, appointment of Klafter Lesser & Olsen LLP, Hepworth, Gershbaum & Roth, PLLC, Winebrake & Santillo, LLC and Wexler Wallace LLC, as Class Counsel, and approval of Plaintiffs' Proposed Notice of Settlement and Class Action Settlement Procedure ("Motion for Preliminary Approval") (Docket No. 209).

**I.**     **Preliminary Approval of Settlement**

Based upon the Court's review of the Parties' Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Approval of Settlement, the Declaration of Seth R. Lesser ("Lesser Declaration"), and all other papers submitted in connection with the Parties' Motion for Preliminary Approval, the Court grants preliminary approval of the settlement

memorialized in the Settlement Agreement: DSG Assistant Store Manager Litigation ("Settlement Agreement")[1], attached to the Lesser Declaration as Exhibit A.

1. The Court concludes that the proposed Settlement Agreement is within the range of possible settlement approval, such that notice to the Class is appropriate.

2. The Court finds that the Settlement Agreement is the result of extensive, arm's length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions.

3. The assistance of an experienced mediator, Hunter Hughes, reinforces that the Settlement Agreement is non-collusive.

**II.   Certification of the Proposed FLSA and Rule 23 Settlement Classes**

4. The Court provisionally certifies for settlement purposes only the "FLSA Class," which shall consist of all individuals who: (a) file or filed a valid consent to join the *LaPan* Action; and (b) worked for Dick's Sporting Goods, Inc. ("DSG") as an exempt ASM anywhere in the United States within the three year period immediately preceding the filing of their consent to join the *LaPan* Action. The FLSA Collective period shall run until November 5, 2015.

5. The Court provisionally certifies the following classes under Fed. R. Civ. P. 23(e), for settlement purposes only:

   a. The "State Classes," which shall consist of all individuals employed as ASMs for DSG in the following states and during the time periods specified below, and who, as ASMs, DSG classified as exempt. The "State Class

---

[1] Unless otherwise defined herein, all terms used in this Preliminary Approval Order will have the same meaning as defined in the Settlement Agreement.

Periods" set forth below shall run through November 5, 2015:

1. Arizona: all ASMs employed at any point in time between November 5, 2014 and November 5, 2015.

2. Colorado: all ASMs employed at any point in time between November 5, 2012 and November 5, 2015.

3. Connecticut: all ASMs employed at any point in time between November 5, 2012 and November 5, 2015.

4. Delaware: all ASMs employed at any point in time between November 5, 2014 and November 5, 2015.

5. Illinois: all ASMs employed at any point in time between May 29, 2012 and November 5, 2015.

6. Indiana: all ASMs employed at any point in time between November 5, 2012 and November 5, 2015.

7. Kansas: all ASMs employed at any point in time between November 5, 2014 and November 5, 2015.

8. Maryland: all ASMs employed at any point in time between November 5, 2012 and November 5, 2015.

9. Maine: all ASMs employed at any point in time between November 5, 2009 and November 5, 2015.

10. Massachusetts: all ASMs employed at any point in time between June 10, 2011 and November 5, 2015.

11. Michigan: all ASMs employed at any point in time between November 5, 2012 and November 5, 2015.

12. Minnesota:  all ASMs employed at any point in time between November 5, 2012 and November 5, 2015.

13. Missouri:  all ASMs employed at any point in time between November 5, 2012 and November 5, 2015.

14. New Jersey:  all ASMs employed at any point in time between November 5, 2013 and November 5, 2015.

15. New York:  all ASMs employed at any point in time between June 24, 2009 and June 24, 2015.

16. North Carolina:  all ASMs employed at any point in time between November 5, 2013 and November 5, 2015.

17. Ohio:  all ASMs employed at any point in time between November 5, 2012 and November 5, 2015.

18. Oregon:  all ASMs employed at any point in time between November 5, 2009 and November 5, 2015.

19. Pennsylvania:  all ASMs employed at any point in time between May 8, 2012 and November 5, 2015.

20. Virginia:  all ASMs employed at any point in time between November 5, 2012 and November 5, 2015.

21. Washington:  all ASMs employed at any point in time between November 5, 2012 and November 5, 2015.

22. West Virginia:  all ASMs employed at any point in time between November 5, 2010 and November 5, 2015.

23. Wisconsin:  all ASMs employed at any point in time between

November 5, 2013 and November 5, 2015

6. As detailed below, and for settlement purposes only, Plaintiffs meet all of the requirements for class certification under Fed. R. Civ. P. 23(a) and (b)(3) and final certification under 28 U.S.C. 216 (the "FLSA").

7. Plaintiffs satisfy Fed. R. Civ. P. 23(a)(1) because there are approximately 2,200 Class Members and, thus, joinder is impracticable.

8. Plaintiffs satisfy Fed. R. Civ. P. 23(a)(2) because Plaintiffs and the members of the State Classes share common issues of fact and law, including whether DSG misclassified the members of the State Classes as exempt from the overtime requirements of applicable state wage and hour laws.

9. Plaintiffs satisfy Fed. R. Civ. P. 23(a)(3) because Plaintiffs' claims arise from the same factual and legal circumstances that form the bases of the State Classes' claims.

10. Plaintiffs satisfy Fed. R. Civ. P. 23(a)(4) because Plaintiffs' interests are not antagonistic or at odds with members of the State Classes and because proposed Class counsel have an established record of competent and successful prosecution of large wage and hour class actions.

11. Plaintiffs also satisfy Rule 23(b)(3) because common factual allegations and a common legal theory predominate over any factual or legal variations among the State Classes. Class adjudication of this case is superior to individual adjudication because it will conserve judicial resources and is more efficient for the members of the State Classes, particularly those who lack the resources to bring their claims individually.

12. The Court appoints, for settlement purposes only, Named Plaintiffs to represent the FLSA Class and the State Classes.

13.     The Court hereby approves and appoints Garden City Group, Inc. to serve as Claims Administrator as provided in the Settlement Agreement.

### III.    Appointment of Plaintiffs' Counsel as Class Counsel

14.     For settlement purposes only, the Court appoints Klafter Lesser & Olsen LLP, Hepworth, Gerschbaum & Roth, PLLC, Winebrake & Santillo, LLC, and Wexler Wallace LLP, as Class Counsel because they meet all the requirements of Fed. R. Civ. P. 23(g).

### IV.    Class Notice

15.     The Court approves, as to form and content, the Notice, Claim Form, and Reminder Notice that are attached as Exhibits 4, 5, and 6 to the Settlement Agreement (which is attached as Exhibit A to the Lesser Declaration), and directs their distribution to the members of the FLSA and State Classes pursuant to the terms of the Settlement Agreement.

16.     The content of the Notice fully complies with due process and Fed. R. Civ. P. 23.

17.     Pursuant to Fed. R. Civ. P. 23(c)(2)(B), a notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

18.     The Notice satisfies each of these requirements, adequately puts members of the FLSA Class and State Classes on notice of the proposed settlement, and is the best notice practicable under the circumstances.

19.     The Notice describes the terms of the settlement, informs the class about

the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing.

**V.      Class Action Settlement Procedure**

20.     The Court hereby sets the following settlement procedure as set forth in the Settlement Agreement:

  a.     DSG shall provide the Settlement Administrator with a list, in electronic form, of the names, last known addresses, telephone numbers, and social security numbers of all class members (the "Class List") within 14 days of the date of this Order;

  b.     The Settlement Administrator shall mail the Notice to Class Members within 28 days after receiving the Class List;

  c.     To become an Eligible Claimant (and thus eligible to receive a settlement payment), Class Member must submit a completed Claim Form to the Claims Administrator no later than 60 calendar days after the day on which the Claims Administrator mails Notice (the "Notice Period")

  d.     State Class Members will have 60 days from the date the Notice is mailed to opt out of the settlement or object to it;

  e.     To opt out of the settlement, a State Class Member must submit his/her request for exclusion to the Claims Administrator no later than 60 calendar days after the day on which the Claims Administrator mails Notice;

  f.     To object to the settlement, a State Class Member must submit his/her objection to the Claims Administrator no later than 60 calendar days after the day on which the Claims Administrator mails Notice, and such objections shall be filed with the Court;

  g.     A reminder notice in the form attached as Exhibit 6 to the Lesser Dec. will be sent 30 dys before the end of the claims period to any class member who has not returned a Claim Form on that date.

  h.     The Court will hold a final fairness hearing on **April 1, 2016 at 2 p.m.** at the United States District Court for the District of Massachusetts, 1 Courthouse Way, Boston, Massachusetts 02210, Courtroom 21, 7th Floor;

  i.     If the Court grants Plaintiffs' Motion for Final Approval of the Settlement, the Court will issue a Final Order and Judgment. The "Effective Date" shall be deemed to occur (A) thirty-five (35) calendar days after the issuance of the Final Approval

Order, if no extension to file an appeal or appeal of said order is filed within that 35-day period, or (B) if an extension is granted and/or appeal filed, upon the final disposition of any appeal that has the effect of affirming the Final Approval Order in its entirety.

      j.      The Settlement Administrator will disburse the settlement checks to the Class Members, Class Counsel's attorneys' fees and expense, and the Service Awards to Named Plaintiffs within (A) 61 days after judgment is entered, if no appeal or no extension to file an appeal of the Final Order and Judgment is filed, or (B) if an appeal or an extension to file an appeal of said order is filed, within 14 days of the final disposition of any appeal that has the effect of affirming the Final Approval Order in its entirety.

      k.      The parties shall abide by all other terms of the Settlement Agreement.

21.      Class Counsel has filed, concurrently with the Motion for Preliminary Approval, the Third Amended Complaint in the form of Exhibit 3. The Third Amended Complaint adds Ana Toth, John Bouchard, and Patrick Kaczmarczyk as named plaintiffs, and adds claims under the wage-and-hour laws of Arizona, Colorado, Connecticut, Delaware, Illinois, Indiana, Kansas, Maryland, Maine, Michigan, Minnesota, Missouri, New Jersey, New York, North Carolina, Ohio, Oregon, Pennsylvania, Virginia, Washington, West Virginia, and Wisconsin. DSG shall not be required to serve or file a responsive pleading in respond to the Third Amended Complaint.

22.      The Court further grants preliminary approval to the release of claims contained in the Settlement Agreement and the Claim Form, and further approves the Individual Release, which is Exhibit 1 to the Settlement Agreement.

23.      If for any reason the Court does not enter a Final Approval Order or the Effective Date does not or cannot occur, the Court's certification of the Settlement Classes shall be void and of no effect and shall not be used for any purpose whatsoever in any further proceeding(s), and the Parties will be returned to their respective positions *nunc pro tunc* as of November 5, 2015, the date on which they reached an agreement in principle to settle the Wage-Hour Lawsuits and Wage and Hour Claims. The Third Amended Complaint will be withdrawn, and the Second Amended Complaint will again become operative.

It is so ORDERED this   11th        day of   Dec.    2015.


                           Richard G. Stearns
                          Honorable Richard G. Stearns
                          United States District Judge