UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

-----------------------------------------------------------------X
CHERYL LAPAN, MICHELLE SHUTT, AARON
WILLIAMS, ANA TOTH, JOHN BOUCHARD,
and PATRICK KACZMARCZYK, individually and
on behalf of all other persons similarly situated,

                                              CIVIL ACTION

                  Plaintiffs,

                                              Case No.: 1:13-cv-11390-RGS

           -against-

DICK'S SPORTING GOODS, INC.,

                  Defendant.
-----------------------------------------------------------------X


**ORDER CONFIRMING CERTIFICATION OF CLASS/COLLECTIVE ACTION
AND GRANTING FINAL APPROVAL TO SETTLEMENT,
AND GRANTING CLASS COUNSEL'S MOTION FOR ATTORNEYS' FEES,
AND GRANTING PLAINTIFFS' MOTION FOR INCENTIVE PAYMENTS**

On December 8, 2015, the Parties to this action entered into a settlement agreement ("Settlement Agreement") and, on the same date, they moved for preliminary approval of that agreement and the terms thereof. On December 11, 2015, this Court granted preliminary approval to the Settlement Agreement, provisionally certified the FLSA Class, and provisionally certified the State Classes under Rule 23 of the Federal Rules of Civil Procedure. This Court subsequently directed that notice of the Settlement Agreement, its terms, and the applicable procedures and schedules be provided to proposed members of the Settlement Classes. All members of the Settlement Classes were given an opportunity to object to the settlement and/or opt out of it.

On March 25, 2016, the Parties filed a Joint Motion for Final Approval of Class and Collective Action Settlement and for Payment of the Claims Administrator's Costs and Expenses ("Final Approval Motion").

Also on March 25, 2016, Plaintiffs filed the Plaintiffs' Unopposed Motion for Award of Attorneys' Fees, Costs and Expenses and for Approval of Service Payments to the Named Plaintiffs ("Fee and Service Payments Motion"). Upon review and for good cause shown,

**IT IS HEREBY ORDERED AND ADJUDGED THAT**, upon consideration of the Settlement Agreement, the Final Approval Motion, the Fee and Service Payments Motion, as well as the briefs, declarations, arguments in support of those motions, and the proceedings in this action to date, as follows:

1. Except as otherwise specified herein, the Court for purposes of this Order adopts all defined terms in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this action, the Parties, and the following Settlement Classes that were preliminary certified by virtue of the Court's December 11, 2015 Preliminary Approval Order:

(a) a federal "FLSA Class" consisting of all individuals who (a) file or filed a valid consent to join the *LaPan* Action, and (b) who worked for Defendant Dick's Sporting Goods, Inc. ("DSG") as an exempt ASM anywhere in the United States within the three-year period immediately proceeding the filing of their consent to join the *LaPan* Action; and

(b) individual "State Classes" consisting of all individuals employed as exempt ASMs by DSG in the following states and during the time periods specified below:

1. Arizona: all ASMs employed at any point in time between November 5, 2014 and November 5, 2015.

2. Colorado: all ASMs employed at any point in time between November 5, 2012 and November 5, 2015.

3. Connecticut: all ASMs employed at any point in time between November 5, 2012 and November 5, 2015.

4. Delaware: all ASMs employed at any point in time between November 5, 2014 and November 5, 2015.

5. Illinois: all ASMs employed at any point in time between May 29, 2012 and November 5, 2015.

6. Indiana: all ASMs employed at any point in time between November 5, 2012 and November 5, 2015.

7. Kansas: all ASMs employed at any point in time between November 5, 2014 and November 5, 2015.

8. Maryland: all ASMs employed at any point in time between November 5, 2012 and November 5, 2015.

9. Maine: all ASMs employed at any point in time between November 5, 2009 and November 5, 2015.

10. Massachusetts: all ASMs employed at any point in time between June 10, 2011 and November 5, 2015.

11. Michigan: all ASMs employed at any point in time between November 5, 2012 and November 5, 2015.

12. Minnesota: all ASMs employed at any point in time between November 5, 2012 and November 5, 2015.

13. Missouri: all ASMs employed at any point in time between November 5, 2012 and November 5, 2015.

14. New Jersey: all ASMs employed at any point in time between November 5, 2013 and November 5, 2015.

15. New York: all ASMs employed at any point in time between June 24, 2009 and June 24, 2015.

16. North Carolina: all ASMs employed at any point in time between November 5, 2013 and November 5, 2015.

17. Ohio: all ASMs employed at any point in time between November 5, 2012 and November 5, 2015.

18. Oregon: all ASMs employed at any point in time between November 5, 2009 and November 5, 2015.

19. Pennsylvania: all ASMs employed at any point in time between May 8, 2012 and November 5, 2015.

20. Virginia: all ASMs employed at any point in time between November 5, 2012 and November 5, 2015.

21. Washington: all ASMs employed at any point in time between November 5, 2012 and November 5, 2015.

22. West Virginia: all ASMs employed at any point in time between November 5, 2010 and November 5, 2015.

23. Wisconsin: all ASMs employed at any point in time between November 5, 2013 and November 5, 2015.

2. The Court hereby **APPROVES** the settlement set forth in the Settlement Agreement (Dkt. No. 209-3). The Court finds that the Settlement is fair, reasonable, and adequate in all respects and that it is binding on Named Plaintiffs and all members of the Settlement Classes who did not timely and properly opt out pursuant to the procedures set forth in this Court's December 11, 2015 Order and the Settlement Agreement. A list of members of the Settlement Classes who timely and properly opted out is attached to the Final Judgment as Exhibit A. The Court specifically finds that the settlement is rationally related to the strength of the claims in this case given the risk, expense, complexity, and

4

duration of further litigation. This Court also finds that the Settlement Agreement is the result of arms-length negotiations between experienced counsel representing the interests of Plaintiffs and Defendant after thorough factual and legal investigation, including mediation with an experienced third-party neutral.

3. The Court finds, for settlement purposes only, that the FLSA Class satisfies the requirements for final certification under 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"). The Court finds that certain individuals (including Named Plaintiffs) have opted into the FLSA Class, or have executed statements opting into the FLSA Class in Claim Forms to be filed with the Court, and that these individuals are similarly situated for purposes of settlement. The Court therefore certifies the FLSA class as a collective action.

4. The State Classes satisfy the requirements for final certification under Fed. R. Civ. P. 23(a) and (b)(3).

5. The Settlement Classes are **FINALLY CERTIFIED**, for final settlement purposes only, to effectuate the terms of the Settlement Agreement.

6. The Court confirms as final the appointment of Plaintiffs' Counsel as Class counsel and Named Plaintiffs as class representatives of the Settlement Classes.

7. The Settlement Notice, as authorized by the December 11, 2015 Preliminary Approval Order and as disseminated by the Claims Administrator, adequately informed members of the Settlement Classes of, among other things, the terms of the Settlement Agreement, the process available to them to obtain monetary relief, and the method to exclude themselves from the Settlement, as well as their opportunity to file written objections and to appear and be heard at the April 1, 2016 Final Approval

Hearing. The Settlement Notice also adequately informed the members of the Settlement Classes of the identity and contact information for the Claims Administrator and Class Counsel for purposes of requesting additional information regarding the case and the proposed Settlement. The Court hereby finds that the Settlement Notice complied with due process and Fed. R. Civ. P. 23 and provided the best notice practicable under the circumstances.

8. The Garden City Group, Inc. shall be responsible for administering the terms of the Settlement Agreement and handling all other work incidental to administering the Settlement, and the Court approves payment of $91,951.01 out of the Total Settlement Amount for such services.

9. Upon the Effective Date of the Final Approval Order, the Named Plaintiffs, on behalf of the members of the Settlement Classes, irrevocably and unconditionally release, acquit, and forever discharge any claim that they may have against DSG for attorneys' fees or costs associated with the Wage-Hour Lawsuits.

10. In the event that the Settlement does not become final, this Judgment shall be rendered null and void and shall be vacated, *nunc pro tunc*, and without prejudice to the *status quo ante* rights of the Named Plaintiffs, Settlement Class members and Defendant; the certification of the Settlement Classes shall be vacated; and nothing stated in the Settlement Agreement or any other papers filed with this Court in connection with the settlement shall be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action.

11. In accordance with and in the timeframe provided by the Settlement

Agreement, Defendant will transfer funds in the amount of the Total Settlement Amount into a Qualified Settlement Fund ("QSF"). The Claims Administrator will be the administrator of the QSF.

12. The Court finds and determines that the payments to be made to the Named Plaintiffs and Eligible Claimants, as provided in the Settlement Agreement, are fair, reasonable and adequate, and gives final approval to and orders that those payments be made to Plaintiffs and Eligible Claimants in accordance with the formula and other terms set forth in the Settlement Agreement. The Court finds that the proposed plan of allocation is rationally related to the relative strengths and weaknesses of the claims asserted. The mechanisms and procedures set forth in the Settlement Agreement by which Claim Amounts are to be calculated and made to Plaintiffs and Eligible Claimants are fair, reasonable, adequate.

13. By operation of the entry of this Order, all claims described in Section 19 of the Settlement Agreement, in the Claim Form executed by Eligible Claimants, and in the Individual Release signed by Named Plaintiffs, are fully, finally and forever released, relinquished and discharged. The Court has reviewed the documents referenced above and finds all of these releases to be fair, reasonable, and enforceable under the FLSA, Fed. R. Civ. P. 23, and all other applicable law.

14. As provided for in the Settlement Agreement, the Named Plaintiffs, and all members of the Settlement Classes who did not timely and properly opt out pursuant to the procedures set forth in the Settlement Agreement, forever, fully, irrevocably and unconditionally release and discharge the Released Parties from all Wage and Hour Claims that were or could have been asserted, including but not limited to all state law

claims pleaded in the Third Amended Complaint in the *LaPan* Action, that arose at any point in time during which such individual worked for DSG up through entry of Final Approval.

15. All members of the Settlement Classes who did not opt out of the Settlement and who are not Eligible Claimants shall release all Released Claims.

16. The Parties entered into this Settlement Agreement solely for the purpose of compromising and settling disputed claims. Defendant in no way admits any violation or liability whatsoever to Named Plaintiffs or the members of the Settlement Classes, individually or collectively, liability being expressly denied by Defendant.

17. Class Counsel shall be awarded thirty-three and one-third percent (33 and 1/3%) of the Total Settlement Amount ($3,333,333.00) for fair and reasonable attorneys' fees, and reimbursement of costs and expenses in the amount of $137,765.61 incurred in connection with the prosecution of this litigation. Such fee award is to be paid from the Total Settlement Amount in full compromise and satisfaction of all attorneys' fees, costs and expenses incurred by Class Counsel, as specified in the Settlement Agreement.

18. Service Payments are approved for the Named Plaintiffs, as follows: $10,000 each to Cheryl LaPan, Michelle Shutt and Aaron Williams; and $7,500 each to Ana Toth, John Bouchard and Patrick Kaczmarczyk, due to their performance of substantial services for the benefit of the Settlement Classes, including for the time and effort expended in assisting in the prosecution of the litigation and the ultimate recovery. Such awards are to be paid from the Total Settlement Amount, as specified in the Settlement Agreement.

**DONE AND ORDERED**, this 19th day of April, 2016.

_____
Honorable Richard G. Stearns
United States District Judge